UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:25-cv-02872-MAR**                                                     Date:  August 1, 2025

Title:  *Angel Garcia v. Greg's Auto Body, Inc. et al*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

On April 2, 2025, Plaintiff Angel Garcia ("Plaintiff") filed a complaint against Greg's Auto Body, Inc. and Gregory R. Gunter ("Defendants") and Does 1 through 10.  ECF Docket No. 1 ("Complaint").  Plaintiff served Defendants with the summons and Complaint on May 10, 2025—accordingly, Defendants' answer was due on June 2, 2025.  Dkts. 7–8.  The time for Defendants to answer the Complaint passed, and they did not challenge service in any way or otherwise respond to the Complaint.  See Fed. R. Civ. P. 12(a)(2), (b).  Accordingly, the Clerk entered a default against Defendants on June 4, 2025.  Dkts.11.

On June 11, 2025, Defendants filed an Answer.  Dkt. 12.  However, Defendants did not first file a motion to set aside the default; accordingly, they did not have standing to appear, and the Court must **STRIKE** Defendants' answer.  See, e.g., iBASEt v. Exacore, LLC, No. SACV 13-01781-CJCD-FMX, 2014 WL 12576816, at *1 (C.D. Cal. Mar. 24, 2014) ("After default was entered, Mr. Webb filed an untimely answer to the Complaint. …Because Mr. Webb no longer had standing to appear following entry of default, his answer to the Complaint is hereby STRICKEN.").

In any case, Plaintiff has not filed a motion for default judgment.  See Fed. R. Civ. P. 55(b).  Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **2:25-cv-02872-MAR**                                             Date:  August 1, 2025

Title:   *Angel Garcia v. Greg's Auto Body, Inc. et al*

Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because they have failed to file a motion for default judgment for nearly two months.

     Accordingly, the Court, on its own motion, orders Plaintiff to request an entry of default, or to show cause in writing as to why he has not done so, on or before August 22, 2025.  **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice as to one or more defendant(s) for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |